**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JOSE FREDDY QUESADA-GAMINO,<br><br>                Defendant. | Case No. 16-cr-01927-BAS-1<br>Case No. 19-cv-00561-BAS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 43); AND**<br><br>**(2) DENYING DEFENDANT'S MOTION FOR DISCOVERY AND AN EVIDENTIARY HEARING (ECF No. 45)** |

    Presently before the Court is Defendant Jose Freddy Quesada-Gamino's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 43) and Motion for Discovery and an Evidentiary Hearing (ECF No. 45). For the following reasons, the Court **DENIES** Defendant's Motion to Vacate under § 2255 and **DENIES** Defendant's Motion for Discovery and an Evidentiary Hearing.

# I. UNDERLYING CRIMINAL CASE

The Government originally charged Mr. Quesada-Gamino with importing methamphetamine and cocaine. (ECF Nos. 1, 12.)[1] He was a legal permanent resident at the time who had come to the United States at 8 years old in 1989. (ECF No. 33 ("PSR") ¶ 37.) It was virtually certain that if Mr. Quesada-Gamino was convicted of the pending charges involving a controlled substance offense, he would lose his legal permanent residency card and be deported. *See Padilla v. Kentucky*, 559 U.S. 356, 368 (2010).

In light of this concern, Mr. Quesada-Gamino's attorney negotiated a plea agreement with the Government whereby Mr. Quesada-Gamino was allowed to plead guilty to a superseding information charging him with smuggling goods into the United States. (ECF Nos. 25; 29 ("Plea Agreement").) In the Plea Agreement, Mr. Quesada-Gamino recognized that, even with this plea agreement, he faced the possibility of deportation or removal. (Plea Agreement § I.) Mr. Quesada-Gamino indicated that his attorney had advised him of this possibility, and he still wished to plead guilty. (*Id.*) As part of his plea agreement, Mr. Quesada-Gamino waived "to the full extent of law, any right to appeal or to collaterally attack the conviction" except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. (*Id.* § XI.)

At the change of plea hearing, Mr. Quesada-Gamino's attorney stated the immigration consequences Mr. Quesada-Gamino was facing as a result of his guilty plea:

> [Mr. Quesada-Gamino] is a permanent legal resident of the United States. Therefore, the acts involved in this offense could result in him being placed in removal proceedings, but it would not be an inevitable consequence that he is to be deported because he would qualify for a waiver . . . . Therefore, it is a possibility that he will be removed, but it is not a practical inevitability.

(ECF No. 48 ("Plea Colloquy" 10:1-8).) The Court then confirmed with Mr. Quesada-Gamino that, as a result of his guilty plea, there was a possibility he would be removed from the United States, denied citizenship, and denied admission to the United States in

---

[1] The electronic record references are to the criminal case, 16-cr-01927-BAS.

the future. (*Id.* 10:10-13.) Mr. Quesada-Gamino confirmed that he understood this was a possibility. (*Id.* 10:14.) Mr. Quesada-Gamino also said he had discussed these immigration consequences with his attorney, and "knowing the immigration consequences of pleading guilty," he still wished to plead guilty. (*Id.* 10:15-20.)

The Court also confirmed that Mr. Quesada-Gamino had waived his right to appeal or collaterally attack his conviction as part of his plea agreement. (Plea Colloquy 12:18-13:5.) Finally, Mr. Quesada-Gamino indicated that no one had promised him anything other than what was written in the written plea agreement to get him to plead guilty. (*Id.* 13:14-17.)

At the Sentencing hearing, again, the immigration consequences Mr. Quesada-Gamino was facing were discussed. (ECF No. 47 ("Sentencing Hearing").) In discussing the appropriate sentence for Mr. Quesada-Gamino, his defense counsel proffered that Mr. Quesada-Gamino was a legal permanent resident and was looking at the possibility of deportation. (*Id.* 9:9-11.) When the Court asked whether the superseding information charging smuggling goods into the United States might allow Mr. Quesada-Gamino to argue that he should not be deported, defense counsel replied:

> There is no guarantee that he's going to get any relief [from deportation and removal]. It's still discretionary. And having represented individuals like Mr. Quesada in immigration court before, the immigration judges are not as generous on seeing the distinction between an 841 [drug smuggling] and an 545 [smuggling goods into the United States], but at least he does have that opportunity to request relief from deportation, and we're hoping that, given the other equities, an immigration judge may show some compassion for him and his family.

(*Id.* 9:17-24.) When sentencing Mr. Quesada-Gamino, the Court informed him, "I know you're hopeful that you can remain here in the country—[but] if you are deported, you cannot come back to the United States without the permission of the United States government." (*Id.* 13:10-13.)

//
//

## II. ANALYSIS

Mr. Quesada-Gamino argues that his plea should be vacated under 28 U.S.C. § 2255 because his counsel was ineffective by allegedly incorrectly advising him of the immigration consequences of his plea. (ECF No. 43.) Mr. Quesada-Gamino's Motion is **DENIED**. First, Mr. Quesada-Gamino's Motion is time barred. Second, Mr. Quesada-Gamino waived his right to appeal or collaterally attack his conviction or sentence as part of his plea agreement. Third, Mr. Quesada-Gamino was properly advised of the immigration consequences of his plea.

### A. Time Barred

Under 28 U.S.C. § 2255(f), a motion to vacate must be filed within one year from the date the conviction becomes final. A conviction becomes final once the deadline for filing the notice of appeal has expired. *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).

The statute of limitation period can be equitably tolled, but "[t]o be entitled to equitable tolling, a habeas petitioner bears the burden of showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Gilbert*, 807 F.3d at 1202 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "This is a very high threshold." *Id.*

Mr. Quesada-Gamino's conviction became final on March 21, 2017, 14 days after entry of the judgment on March 7, 2017. This was his deadline for filing a notice of appeal. Accordingly, the statute of limitation period for Mr. Quesada-Gamino to file a motion to vacate under 28 U.S.C. § 2255 ended March 21, 2018. Mr. Quesada-Gamino did not file a notice of appeal and stated he did not do so because he was not aware of the issue he was raising until after the appeal period expired. (ECF No. 43 ¶ 4.) Further, Mr. Quesada-Gamino did not provide reasons for equitable tolling but stated that the one-year statute of limitation period provided by 28 U.S.C. § 2255(f) did not bar his Motion under "Section (f) (2)(4)." (*Id.* ¶ 18.) Mr. Quesada-Gamino did not indicate how "Section (f) (2)(4)" did not bar his Motion.

It is Mr. Quesada-Gamino's burden to show that he pursued his rights diligently and that extraordinary circumstances stood in his way. Mr. Quesada-Gamino's failure to state reasons showing either does not entitle him to equitable tolling. Therefore, Mr. Quesada-Gamino's Motion is time barred.

**B.    Waiver**

Furthermore, to the extent Mr. Quesada-Gamino is attempting to collaterally attack his conviction or sentence, he waived his right to do so. *See United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (waiver of a right to appeal does not violate due process); *United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) ("[P]lea agreements are contractual in nature and are measured by contract law standards." (quotation omitted)).

In the written plea agreement, Mr. Quesada-Gamino waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction . . . except a post-conviction collateral attack based on a claim of ineffective assistance of counsel." (Plea Agreement § XI.) Mr. Quesada-Gamino also agreed to waive "to the full extent of the law, any right to appeal or to collaterally attack his sentence." (*Id.*) Furthermore, Mr. Quesada-Gamino confirmed this agreement with the Court during the plea colloquy and after sentencing. (Plea Colloquy 12:18–13:5; Sentencing Hearing 14:5–9.) Therefore, to the extent that Mr. Quesada-Gamino is now arguing that his reliance on his counsel to understand the consequences of his guilty plea was unfair, this claim has been waived. Nonetheless, a claim of ineffective assistance of counsel was preserved for collateral attack.

**C.    Ineffective Assistance of Counsel**

Mr. Quesada-Gamino's arguments that his attorney provided ineffective assistance of counsel are contradicted by the record.

"[A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was ineffective." *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985)). In a claim of ineffective assistance of counsel in a guilty plea, a defendant must meet the *Strickland* test. A defendant must

show (1) "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases" and (2) that he suffered actual prejudice because of this incompetence. *Lambert*, 393 F.3d at 979–80; *Lockhart*, 474 U.S. at 57–58.

"A deficient performance is one in which counsel made errors so serious that [] he was not functioning as the counsel guaranteed by the Sixth Amendment." *Iaea v. Sunnn*, 800 F.2d 861, 864 (9th Cir. 1986) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987). The Court should not view counsel's actions through "the distorting lens of hindsight." *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995) (quoting *Deutscher v. Whitley*, 884 F.2d 1152, 1159 (9th Cir. 1989)), *vacated on other grounds by Angelone v. Deutscher*, 500 U.S. 901 (1991). To satisfy the second "prejudice" prong in a guilty plea case, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59.

In this case, Mr. Quesada-Gamino fails to meet either prong of the *Strickland* test. First, he fails to show that his counsel's performance was deficient. Although Mr. Quesada-Gamino states that his counsel did not inform him that a guilty plea would result in his mandatory deportation, his counsel was not obligated to tell him that because Mr. Quesada-Gamino was never subject to mandatory deportation.

Mr. Quesada-Gamino inaccurately categorizes his offense as an aggravated felony. (ECF No. 43-2 7.) Smuggling goods into the United States is not defined as an aggravated felony under 8 U.S.C. § 1101(a)(43). As part of his plea deal, Mr. Quesada-Gamino did not plead guilty to smuggling a controlled substance as defined in 21 U.S.C. § 802, which is an aggravated felony and would have made him ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). (Plea Agreement.) Although Mr. Quesada-Gamino may be

removable under 8 U.S.C. § 1182(a)(2)(C),[2] his removal may nonetheless be cancelled under 8 U.S.C. § 1229b(a).[3] Therefore, both Mr. Quesada-Gamino's counsel and the United States accurately advised Mr. Quesada-Gamino that his guilty plea did not make deportation inevitable.

During his plea colloquy, the Court told Mr. Quesada-Gamino directly that by pleading guilty, there was a possibility, as opposed to an inevitability, that he would be removed from the United States. (Plea Colloquy 10:10–13.) Mr. Quesada-Gamino subsequently told the Court that he went over the immigration consequences of his guilty plea with his counsel, understood those consequences, and still wished to plead guilty. (Plea Colloquy 10:10–20.) Furthermore, during sentencing while Mr. Quesada-Gamino was present, Mr. Quesada-Gamino's counsel explained to the Court that Mr. Quesada-Gamino could challenge his deportation, thus making deportation not an inevitable consequence of his guilty plea. (Sentencing Hearing 9:9–24.)

Mr. Quesada-Gamino also fails to show that he was prejudiced by his claims that he did not understand what was going on at the guilty plea stage and that his counsel did not accurately inform him of the immigration consequences of his guilty plea. Mr. Quesada-Gamino argues "it is unfair to assume" that a "layperson" would understand what rights he waived in a guilty plea and therefore his reliance on his counsel's advice violated the Sixth Amendment. (ECF No. 43 ¶ 12.) Mr. Quesada-Gamino also argues that his counsel's failure to inform him that his guilty plea would result in mandatory deportation prejudiced him. (*Id.*) However, the Court carefully explained to Mr. Quesada-Gamino all his rights, what he was doing, what he was waiving, and the immigration and legal consequences of

---

[2] Any alien who the consular office or Attorney General has reason to believe has been an illicit trafficker in any controlled substance is inadmissible to the United States.

[3] The Attorney General may cancel removal of an alien who is inadmissible or deportable from the United States if the alien has been lawfully admitted for permanent residence for not less than 5 years, has resided in the United States continuously for 7 years after having been admitted in any status, and has not been convicted of an aggravated felony. Mr. Quesada-Gamino has been a Legal Permanent Resident for more than 5 years, there is no indication from the Presentence Report that Mr. Quesada-Gamino has failed to maintain continuous residence in the United States, and Mr. Quesada-Gamino was not convicted of an aggravated felony.

his waiver. Mr. Quesada-Gamino told the Court he understood, wished to give up those rights, and plead guilty. He expressed no reservations or difficulty understanding the process or what was being offered. Therefore, even if Mr. Quesada-Gamino's counsel failed to explain his rights to Mr. Quesada-Gamino, the Court did so, and Mr. Quesada-Gamino informed the Court that he still wished to plead guilty. Moreover, Mr. Quesada-Gamino is not subject to mandatory deportation and thus cannot demonstrate that he was prejudiced by his counsel's advice regarding the immigration consequences of his guilty plea.

Because he fails to show that he would have gone to trial and would not have pled guilty had it not been for his counsel's conduct, Mr. Quesada-Gamino's claim of ineffective assistance of counsel fails. Not only was defense counsel not ineffective, defense counsel secured a favorable plea deal for Mr. Quesada-Gamino. The deal enabled Mr. Quesada-Gamino to avoid pleading to an aggravated felony and thus gave him the opportunity to request relief from deportation which otherwise would have been unavailable if he pled guilty to the original charge.

## III. CONCLUSION

Mr. Quesada-Gamino's Motion filed pursuant to 28 U.S.C. § 2255 is **DENIED** (ECF No. 43). He was correctly advised of the immigration consequences of his plea. Any other claims are time barred and waived.

Because the Court finds that there is sufficient information on the record to demonstrate Mr. Quesada-Gamino was accurately advised of the immigration consequences of his plea, Mr. Quesada-Gamino's Motion for an Evidentiary Hearing (ECF No. 45) is **DENIED**. *See Contreras v. United States*, No. 3:19-CV-05136-RBL, 2019 WL 2473834, at *1 (W.D. Wash. June 13, 2019) ("The Court need not hold an evidentiary hearing on a § 2255 motion where the claims '[could] be conclusively decided on the basis of documentary testimony and evidence in the record.'" (quoting *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1988))).

Furthermore, since Mr. Quesada-Gamino fails to state what discovery he seeks, how the discovery would be helpful, or any good cause to justify his request for discovery, the request for discovery (ECF No. 45) is also **DENIED**. *See Argo v. United States*, 473 F.2d 1315, 1317 (9th Cir. 1973) (providing discovery in a § 2255 proceeding is in the sound discretion of the trial judge).

Finally, the Court **DENIES** Mr. Quesada-Gamino a certificate of appealability. A defendant is required to obtain a certificate of appealability in order to appeal a decision denying a motion under 28 U.S.C. § 2255. In order for a defendant to obtain a certificate, the defendant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right"). Mr. Quesada-Gamino has not made a substantial showing that he has been denied a constitutional right.

**IT IS SO ORDERED.**

**DATED: August 16, 2019**

Hon. Cynthia Bashant
United States District Judge